[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The wife has brought this action seeking a dissolution of the marriage to the defendant husband that took place on June 29, 1968 at Rocky Hill, Connecticut. The plaintiff also seeks alimony, an CT Page 7302 allowance to prosecute and an equitable division of assets.
A temporary order of periodic alimony ordering the defendant to pay plaintiff $30 weekly was entered on January 7, 1991.
Three children were born to the plaintiff, all issue of the marriage. The younger two are minors:
Jamie Putnoki, born May 22, 1977 and,
Stephen Putnoki, born May 11, 1983.
On December 12, 1985, the plaintiff and the defendant were removed as guardians of Stephen J. Putnoki, Jr. by order entered by the Court of Probate, District of Tolland, District No. 142, State of Connecticut. This court has taken judicial notice of the Tolland Probate Court action. The parties testified that said order remains in effect. The older minor child is in the custody of the Commissioner of DCYS as ordered by the Juvenile Court sitting at Torrington.
On March 21, 1983, while pregnant with Stephen, Jr., the plaintiff stabbed the defendant's mother to death, for which she stood trial in Superior Court, Litchfield, J.D. On April 27, 1984, following a court trial, the plaintiff was found guilty of, but not criminally responsible for, the death of defendant's mother, State v. Putnoki, 200 Conn. 208 (1986). The plaintiff is not now confined, and has been able to work. She is seeing a psychiatrist monthly and is taking Lithium as prescribed.
The defendant owns and occupies a home located on Niles Road, New Hartford, Connecticut which was purchased with funds furnished by the defendant's mother. The defendant has been maintaining the property.
The defendant, who appeared pro se, is employed as a programmer by an insurance company where he earns $667.31 gross wages weekly and, after deductions, $481.23 weekly net disposable income. For 1990, his gross wages were $34,830 after deducting $2,664.50 social security tax and $4,719.28 federal income tax withheld, and after adding back $1,000 tax refund, his net income was $28,446 or $566 weekly, (Plaintiff's Exhibit A, W-2 Form 1990). The defendant's financial affidavit states $15 weekly for child support.
Although the Attorney General has appeared in the case, the Assistant Attorney General has advised the court that the state is making no claim in this case.
The court is mindful that the periodic alimony order to be CT Page 7303 entered in the judgment will be tax deductible to the defendant.
After reviewing the evidence in light of the statutory criteria, the court enters the following judgment.
1. A decree is entered dissolving the parties' marriage on the ground of irretrievable breakdown.
2. The defendant is ordered to pay to the plaintiff the sum of $125.00 weekly as periodic alimony until September 7, 2002 which term is non-modifiable, or until the sooner remarriage of the plaintiff or the sooner death of either party. A wage withholding is ordered, 52-362 Connecticut General Statutes.
3. The defendant shall retain the real estate located on Niles Road, New Hartford, Connecticut and its contents as his sole property. The plaintiff shall execute any deed needed to carry out this order. If such deed is not forth coming, the plaintiff's interest is ordered transferred pursuant to statute.
4. The defendant shall pay to the plaintiff, as an allowance to prosecute, the sum of $2,000, payable in four equal installments due in 90 day intervals with the first payment due on September 16, 1991.
5. Each party shall retain what they now own or owe as theirs solely.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.